UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0562 WBS AC P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VICTOR MANUEL MARTINEZ, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings a challenge to his conviction and sentence under 28 U.S.C. § 2255. ECF No. 427. The United States opposes the motion, ECF No. 461, and movant has replied, ECF No. 466.

I. BACKGROUND

A. Overview

Movant and three of his eleven codefendants (Jose Gonzalez Arias, Jesus Barraza Barraza and Jose Antonio Cabada) went to trial in late 2010 on multiple drug conspiracy charges. All defendants were convicted of all counts against them. Mr. Martinez was found guilty of conspiracy to distribute or possess with intent to distribute methamphetamine, heroin, cocaine, and cocaine base (Count One); possession with intent to distribute cocaine (Count Two); and unlawful use of a communication facility (Count Eight), in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 843(b). ECF Nos. 239, 248. On June 10, 2011, he was

sentenced to terms of imprisonment of 120 months on Count One, 120 months on Count Two, and 48 months on Count Eight, all to be served concurrently.  ECF Nos. 332, 337.

      B.  The Evidence at Trial

The government presented evidence that all four defendants were members of the Barraza DTO, which was led by Hector and Manuel Barraza.  Movant was a mechanic for the DTO, which used hidden compartments in vehicles to conceal and transport drugs, money, and guns.  The DEA's investigation into the DTO included the use of an embedded informant and the authorized wiretaps of several telephones.

The informant testified that he had met movant fifteen to twenty times in the course of his association with the DTO.  On one occasion movant had told him about driving to Kansas City to deliver drugs.  Movant said he had been paid $5000, which was not worth the risk.  Movant said had been pulled over by the police and was afraid they would find the drugs in his possession.

In a recorded phone call on November 6, 2008, movant and DTO leader Manuel Barraza discussed the modification of a blue Ford Expedition that was later used to transport seven kilograms of cocaine.  Specifically, the two discussed the removal of a radiator from a green Expedition and its installation in a blue one, and an oil change and filer replacement in the blue vehicle.  The case agent, Agent Klingman, testified based on his training, experience, and knowledge of the investigation, that the conversation was really about modifications related to the imminent transportation of narcotics.  A green Ford pickup linked to the DTO had been stopped by CHP on September 29, 2008, and its radiator was found to contain a hidden compartment controlled by an electrical latch.  At the time of the November 6 conversation, both a blue and a green Explorer were observed by law enforcement at movant's home (where he customarily worked on vehicles), with the blue vehicle's hood open.  Later that day movant was observed driving that vehicle to Manuel Barraza's residence, and that night the vehicle was stopped by the CHP.  Its radiator contained a secret compartment controlled by an electrical latch, which contained seven kilo-sized bricks of cocaine.

////

////

C. The Appeal

On direct appeal, movant challenged the sufficiency of the evidence to support his convictions. The Court of Appeals affirmed the judgment, explaining:

> As to Martinez, we conclude that a rational jury could infer based on circumstantial evidence of his work as a mechanic that he knew about the conspiracy and knowingly helped further it. See United States v. Duenas, 691 F.3d 1070, 1085 (9th Cir. 2012). We also conclude that the intercepted phone calls and evidence seized on November 6, 2008 support Martinez's conviction for possession with intent to distribute based on either (1) a co-conspirator liability or (2) aiding and abetting. See United States v. Tran, 568 F.3d 1156, 1167 (9th Cir. 2009); United States v. Moreland, 622 F.3d 1147, 1169 (9th Cir. 2010); United States v. Klimavicius-Viloria, 144 F.3d 1249, 1263 (9th Cir. 1998). Lastly, we conclude that the November 6, 2008 telephone conversation was sufficient evidence upon which a rational jury could find that Martinez knowingly or intentionally used a communication facility to aid the commission of a narcotics offense. See United States v. Mincoff, 574 F.3d 1186, 1195 (9th Cir. 2009).

ECF No. 389 at 5-6.

II.  MOVANT'S MOTION

The § 2255 motion presents two claims for relief, both alleging ineffective assistance of counsel in violation of plaintiff's Sixth Amendment rights. In Claim One, ECF No. 427 at 4-10, movant contends that trial counsel unreasonably and prejudicially failed to challenge expert testimony by Agent Klingman under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 578 (1993), and Federal Rule of Evidence 702. Movant argues that the expert testimony should have been excluded as unreliable, and that the testimony violated movant's rights under the Confrontation Clause by introducing impermissible hearsay. The motion specifies testimony by Agent Klingman going to the quantities of drugs and movant's involvement in the offenses, particularly testimony regarding the meaning of words and phrases used in recorded phone calls. Id. at 6-8. He alleges further that Agent Klingman's dual role as a fact witness and an expert witness created an impermissible risk that "the jury convicted [movant] because Agent Klingman believes he is guilty." Id. at 5. On this basis movant alleges that trial counsel rendered ineffective assistance by failing to exclude or limit Agent Klingman's testimony, and that appellate counsel was ineffective in failing to raise the issue on appeal.

Claim Two alleges that appellate counsel unreasonably and prejudicially failed to file a supplemental brief based on <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), which was decided during the pendency of movant's appeal. ECF No. 427 at 11-14. Movant argues that he was entitled to a lesser sentence under <u>Alleyne</u>.

### III. APPLICABLE LEGAL STANDARDS

#### A. Review of Motions Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, the district court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. <u>United States v. Barron</u>, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974). To warrant relief, a movant must demonstrate the existence of an error which had a substantial and injurious effect or influence on the verdict. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993); <u>see also</u> <u>United States v. Montalvo</u>, 331 F.3d 1052, 1058 (9th Cir. 2003) (<u>Brecht</u> standard applies to habeas cases brought under section 2255 just as it does to those under section 2254), <u>cert. denied</u>, 541 U.S. 1011 (2004).

#### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees "the right to effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n. 14 (1970). To establish a constitutional violation based on ineffective assistance of counsel, a movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 692, 694 (1984). In assessing counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct." Id. at 690.  Prejudice means that the error actually had an adverse effect on the defense.  Id. at 693.  There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  The court need not address both prongs of the Strickland test if the movant's showing is insufficient as to one prong.  Id. at 697.

A criminal defendant is also entitled to the effective assistance of counsel on his or her first appeal as of right.  Evitts v. Lucey, 469 U.S. 387 (1985).  Claims of ineffective assistance on appeal are governed by Strickland, supra.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  To establish prejudice, movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, [he] would have prevailed on appeal." Miller v. Keeney, 882 F.2d 1428, 14314 (9th Cir. 1989); see also Smith, 528 U.S. at 285-86.

### C. Evidentiary Hearing

If the court finds that petitioner's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

////

////

IV. ANALYSIS

A. Claim One: Ineffective Assistance in Relation to Agent Klingman's Testimony

Claim One is presented in the form of an attack on Klingman's testimony, with allegations of related ineffective assistance formulated at a high level of generality. Movant claims in broad terms that counsel "acted unreasonably by failing to challenge the inadequate safeguards to protect the jury from conflating Agent Klingman's testimony as an expert and fact witness which deprived [movant of] a fair trial." ECF No. 427 at 4. Movant fails to specify what counsel failed to do that would have ensured "adequate safeguards." He suggests that the expert portion of Klingman's testimony was inadmissible for various reasons including Fed. R. Evid. 702, id. at 4-5, but trial counsel did in fact bring an unsuccessful motion in limine to exclude or limit the testimony. ECF No. 192 (objecting to DEA expert testimony as irrelevant and prejudicial under Fed. R. Evid. 401 and 403, improper expert opinion under Fed. R. Evid. 702, and on grounds of late notice).

Plaintiff also alleges that "counsel at trial failed to object to Agent Klingman's interpretive testimony generally and he failed to contemporaneously object to the decoded words in which appellate counsel belatedly failed to challenge on appeal." ECF No. 427 at 5-6. This allegation is belied by the record.

In addition to the pretrial motion specifically seeking to exclude testimony from DEA agents about the meaning of coded language, ECF No. 192 at 4, counsel objected during trial to the admission of the wiretap calls and related transcripts about which Klingman was called to testify. Reporter's Transcript ("RT") 780-782 (ECF No. 369 at 167-169); RT 804 (ECF No. 369 at 191). Movant's lawyer also sought Jenks, Brady and Giglio material related to Agent Klingman's testimony, RT 120 (ECF No. 366 at 120), and made several contemporaneous objections to his testimony. See e.g., RT 149:23 (ECF No. 367 at 26), RT 151:18 (ECF No. 367 at 28), RT 152:19 (ECF No. 367 at 29). These included objections to Klingman's testimony about the meaning of language used in phone calls between movant and other conspirators, RT 868:22 (ECF No. 370 at 17), and specifically regarding the phone call between movant and Manuel Barraza about the radiator, RT 872:16-17 (ECF No. 370 at 21), RT 875:1-2 (ECF No.

370 at 24), RT 878:20-21 (ECF No. 370 at 27).  To the extent that counsel did not object on the same grounds that had been previously rejected by the trial judge on the motion in limine, the failure to make redundant and futile objections does not fall outside the wide range of reasonable performance.

To the extent that movant challenges counsel's failure to object on the specific grounds that having a case agent testify both as an expert and as a percipient witness is inherently prejudicial, he provides no authority to support a likelihood that such an objection would have succeeded—let alone that the outcome of the trial would have been different as a result.  On the prejudice issue movant simply declares that no evidence other than Klingman's objectionable testimony linked him to the conspiracy.  ECF No. 427 at 9.  That is inaccurate.  The testimony of the informant directly linked movant to the conspiracy.  And even without Klingman's "decoding" testimony regarding the November 6 phone call, movant's involvement in the conspiracy was established by the combination of his express discussion with Manuel Barraza about the radiator being put in the blue Explorer, movant's contemporaneous mechanical and/or body work on the blue Explorer, his subsequent personal delivery of the vehicle to Manuel Barraza, and the discovery hours later of drugs in a hidden compartment in the vehicle's radiator.  As the Ninth Circuit recognized, this circumstantial evidence amply supports a conclusion that movant put the modified radiator into the vehicle knowing that it was for the purpose of drug trafficking.  The evidentiary record thus undermines movant's theory as to prejudice.

Finally, movant claims in generalized terms that trial counsel decided on his theory of the case before conducting an adequate pretrial investigation.  ECF No. 427 at 9.  Because plaintiff does not specify the investigation that should have been conducted, identify any evidence that would have been uncovered by such investigation, or proffer any alternative theory likely to have resulted in acquittal, the alleged failure to investigate cannot support relief under Strickland.  See Hendricks v. Calderon, 70 F.3d 1032, 1042 (1995) ("Absent an account of what beneficial evidence investigation into any of these issues would have turned up, [petitioner] cannot meet the prejudice prong of the Strickland test.").

////

In sum, both the allegations of deficient performance and those related to prejudice are too general to support relief.  See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")  This is equally true as to appellate counsel's performance, as movant has failed to identify trial error in relation to Agent Klingman's testimony.  Because movant's claim is unsupported by specific factual allegations that would if true entitle him to relief, and because his generalized allegations of ineffectiveness are largely contradicted by the record, Claim One should be denied without an evidentiary hearing.

### B. Claim Two: Failure to Raise *Alleyne* Issue on Appeal

Plaintiff's notice of appeal was filed on June 10, 2011 (ECF No. 329), and the Ninth Circuit issued its memorandum decision on November 26, 2014 (ECF No. 389).  On June 17, 2013, the U.S. Supreme Court decided Alleyne v. United States, 570 U.S. 99 (2013), which overruled Harris v. United States, 536 U.S. 545 (2002) and extended Apprendi v. New Jersey, 530 U.S. 466 (2000), to facts that result in a mandatory minimum sentence.  Under Alleyne a factual finding that increases the penalty, whether by raising the floor or the ceiling, is an element of the offense which must be found by the jury beyond a reasonable doubt.

Plaintiff alleges that appellate counsel was ineffective in failing to supplement his appeal with an Alleyne claim, because "[i]nstead of being sentenced to the twenty year maximum on each conspiracy pursuant to 21 U.S.C. § 841(b)(1)(C), petitioner was sentenced to a minimum mandatory of 10 years with a maximum of life."  ECF No. 427 at 12.  He argues that under Alleyne, he was entitled to have a jury determine drug quantities to support "the harsher sentencing provision of section 841(b)(1)(A)," the ten-year mandatory minimum provision.  Id.

The record reflects that plaintiff was sentenced to concurrent ten-year terms on Count One (conspiracy) and Count Two (possession with intent to distribute).  ECF No. 337.  The judgment does not specify that these terms were imposed as mandatory minimum sentences, id., and the sentencing hearing does not appear to have been transcribed, but the PSR refers to both Count One and Count Two as subject to 21 U.S.C. § 841(b)(1)(A).  Under that provision, a ten-year mandatory minimum applies where the offense involves certain quantities of certain drugs.

The jury's verdict form shows an express finding as to Count One that "the defendant conspired to distribute or possess with the intent to distribute at least 5,000 grams of a mixture and substance containing cocaine, and/or at least 50 grams of a mixture and substance containing a form of cocaine base known as crack cocaine, and/or at least 50 grams of methamphetamine (actual)." ECF No. 461-2 at 2.  As to Count Two, the jury found that "the defendant possessed with the intent to distribute at least 5000 grams of a mixture and substance containing cocaine." Id. at 3.

The jury's drug quantity finding on Count Two supports a ten-year mandatory minimum under § 841(b)(1)(A)(ii)(II) (offenses involving five kilograms or more of mixture or substance containing cocaine).  As to Count One, however, the jury was not asked to specify which of three specified drug quantities applied.  Two of the alternatives (5,000 grams of a mixture and substance containing cocaine and 50 grams of actual methamphetamine) would support a 10-year mandatory minimum, but the third—50 grams of cocaine base—would not.  The ten-year minimum applies to quantities of 280 grams or more of cocaine base. § 841(b)(1)(A)(iii). Quantities of 28 grams or more result in a sentence with a mandatory minimum of five years and a maximum of 40 years.  § 841(b)(1)(B)(iii).[1]  Because the verdict on Count One does not specify which of these substances and quantities were found beyond a reasonable doubt, it cannot be concluded that the verdict supported a 10-year mandatory minimum on that count.

Perhaps for this reason, the government acknowledges without explanation that an Alleyne claim would have succeeded as to Claim One.  ECF No. 461 at 10.  The government argues nonetheless that movant cannot establish unreasonable performance by appellate counsel because raising the issue would have had no concrete effect on movant's sentence, which includes a ten-year mandatory minimum on Count Two and runs concurrently as to all three counts.  For the same reason, the government contends that movant cannot establish prejudice.  Id.

The undersigned agrees with the United States as to the performance prong.  Reasonable appellate counsel could well have concluded that an Alleyne challenge to Claim One would have

---

[1] This provision, and not § 841(b)(1)(C) as movant contends, is the least onerous sentencing range supported by the jury's verdict.

resulted in a purely technical victory with no practical benefit.  First, movant would be serving a minimum ten-year total sentence even if he been acquitted on Count One, let alone if he were to be resentenced to a lesser term.  Moreover, there was no reason to think that movant would actually receive a lesser sentence on Count One at resentencing.  Even if the district court was limited on remand to resentencing movant under § 841(b)(1)(B)(iii), ten years would have been a permissible sentence.  In determining the appropriate sentence within the statutory range, the district judge would certainly have considered the jury's express finding of movant's involvement in the trafficking of 5,000 grams of a mixture and substance containing cocaine, which was part of the conspiracy.  In these circumstances, the prospect of resentencing did not present any genuine likelihood of a different outcome overall.

Movant's reliance on United States v. Cortes, 732 F.3d 1078 (9th Cir. 2013), is unavailing.  Cortes held, pursuant to Alleyne, that a sentencing entrapment defense must be presented to the jury if defendant's theory as to quantity would affect the mandatory minimum or statutory maximum sentence.  Id. at 1091.  This case does not involve sentencing entrapment, and Cortes did not involve ineffective assistance of counsel.

In sum, movant's ten-year sentence on Count One was statutorily authorized whether or not it was required as a mandatory minimum, and movant has presented no reasons why appellate counsel should have thought he would obtain a more favorable result at resentencing.  Even if there were a chance of a lesser sentence on Count One, movant would still have been serving a concurrent 10-year mandatory minimum sentence on Count Two.  The putative Alleyne issue thus did not offer any apparent practical benefit to Mr. Martinez.  Although zealous appellate counsel may well have raised the issue in any case, in order to provide movant an opportunity to "fight another day," that does not mean that the failure to do so was objectively unreasonable.  To the contrary, counsel considering whether to challenge a sentence in whole or in part must consider the risk that a higher sentence may be imposed on remand.  See United States v. Radmall, 340 F.3d 798 (9th Cir. 2003).  This may be the case even as to counts not reversed on appeal.  United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000).  For all these reasons, the undersigned concludes that appellate counsel's failure to raise an issue with no

likelihood of practical benefit to his client is not outside the wide range of professional judgments that are presumed to be reasonable under Strickland.

Because movant has not presented factual allegations which if proven would entitle to him to relief under Strickland, there is no need for an evidentiary hearing.

## CONCLUSION

For all the reasons explained above, IT IS HEREBY RECOMMENDED that the motion to vacate under 28 U.S.C. § 225 (ECF No. 427) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11